IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL GONZALES, | § § | |
| Plaintiff, | § § | |
| | § | Case No.: 4:17-cv-2374 |
| vs. | § § | |
| CONOCOPHILLIPS COMPANY, FRANK ALEXANDER in His Fiduciary Capacity, DAN MECHAM in His Fiduciary Capacity, and CONOCOPHILLIPS SEVERANCE PAY PLAN. | § § § § § § | TRIAL BY JURY DEMANDED |
| Defendants. | § § | |

## ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

SAMUEL GONZALES, ("Plaintiff"), complains of CONOCOPHILLIPS COMPANY ("COP"), a defendant corporation, FRANK ALEXANDER in His Fiduciary Capacity ("first Administrator"), a defendant, DAN MECHAM in His Fidcuiary Capacity ("second Administrator") and the CONOCOPHILLIPS SEVERANCE PAY PLAN ("the Plan"), a defendant benefits plan, for cause of action would show the Court as follows:

### INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains about discrimination on the basis of national origin under Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") and under 42 U.S.C. § 1981, as amended ("§ 1981").

3. Plaintiff files this Complaint to recover benefits due under the Plan pursuant to The Employee Retirement Income Security Act of 1974 ("ERISA"), in particular Section 502(a)(1)(B).

4. Plaintiff files this Complaint to recover penalties pursuant to ERISA Section 503(c)(1).

5. Plaintiff files this Complaint and complains about breach of fiduciary duty under ERISA Section 503.

6. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), attorney's fees, emotional distress, taxable court costs, pre-judgment and post-judgment interest, and an injunction along with any applicable penalties under ERISA.

## PARTIES

7. Plaintiff, SAMUEL GONZALES, is a resident of Houston, Texas and a participant in the Plan.

8. Defendant, CONOCOPHILLIPS COMPANY, is a corporation authorized to do business in the State of Texas, and process may be served by mail or in-person on its registered agent, United States Corporation Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

9. Defendant, FRANK ALEXANDER in His Fiduciary Capacity, is a Plan Administrator for CONOCOPHILLIPS SEVERANCE PAY PLAN, and process may be served on him by mail or in-person at 600 N. Dairy Ashford Rd., MA-03-3038, Houston, Texas 77079.

10. Defendant, DAN MECHAM in His Fiduciary Capacity, is a Plan Administrator for CONOCOPHILLIPS SEVERANCE PAY PLAN, and process may be served on him by mail or in-person at 600 N. Dairy Ashford Rd., MA-03-3032, Houston, Texas 77079.

11. Defendant, CONOCOPHILLIPS SEVERANCE PAY PLAN, is an ERISA benefit plan, and process may be served on the Pay Plan Claims Administrator, Frank Alexander, located at 600 N. Dairy Ashford Rd., MA-03-3038, Houston, Texas 77079.

## VENUE

12. Venue is appropriate in the United States District Court for the Southern District of Texas, Houston Division, in that the Defendants can be said to reside and/or do business in this district as required under 28 U.S.C. § 1391.

## JURISDICTION

13. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under Title VII, § 1981, and ERISA.

14. The unlawful employment practices and breaches of fiduciary duty were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

15. All conditions precedent to the filing of this action have been met by Plaintiff in that he has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a right-to-sue letter from said agency to pursue his claims.

16. Plaintiff filed a Charge of Discrimination against COP with the EEOC on December 5, 2016.

17. Plaintiff was issued a Notice of Right to Sue letter from the EEOC, entitling him to file suit on his claims of discrimination in violation of Title VII, on May 12, 2017.

18. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

19. Plaintiff has made claims to benefits under the Plan prior to filing this lawsuit.

## FACTS

20. Plaintiff began working at COP on May 22, 2002 as a Petroleum Engineer.

21. Plaintiff's job title at the time he was terminated by COP was Senior Drilling Engineer.

22. Plaintiff was born and raised in the United States of America. Thus, Plaintiff is American.

23. On November 22, 2011, Plaintiff accepted an international assignment from COP's International Assignments Coordinator, Janice Haynes, for Plaintiff and his wife to be transferred to COP's facility in Perth, Australia. The estimated effective date of transfer was May 1, 2012.

24. During Plaintiff's employment at COP, including during his time in Australia on assignment, he was qualified for his position as a Senior Drilling Engineer.

25. To be eligible to work at COP's facility in Perth Australia, Plaintiff obtained an Australian subclass 457 temporary work Visa ("457 visa").

26. To maintain a 457 visa, Australian law requires that the visa applicant meet a certain standard of character and fitness.

27. During the time Plaintiff was employed at COP and on assignment in Perth, Australia, Plaintiff never lost his eligibility to maintain a 457 visa based on his character and fitness.

28. Despite Plaintiff's eligibility to maintain a 457 visa, Defendants chose not to sponsor Plaintiff's 457 visa after its expiration in January, 2016 based on the fact that he is American.

29. On or about March 1, 2016, Plaintiff was placed in an Australian immigration detention center due to COP's failure to sponsor his 457 visa. Plaintiff remained in the detention center for two months.

30. After being released from the Australian Detention facility, Plaintiff was deported and returned to Houston Texas on July 24, 2016.

31. Thereafter, COP replaced Plaintiff with a non-American employee to perform Plaintiff's former job duties in Perth, Australia.

32. On July 26, 2016, COP terminated Plaintiff's employment for allegedly violating company policy by taking a leave of absence/not being able to work, despite the fact that Plaintiff was involuntarily detained in Perth, Australia due to COP refusing to continue sponsoring his visa because he is American.

33. The decision-maker, who informed Plaintiff on about June 26, 2017 that his employment was terminated, was Caroline Churchill ("Churchill").

34. Churchill is the Director of Human Resources Business Partner at COP.

35. At the time Plaintiff was terminated, when Plaintiff inquired about receiving severance pay under the Plan, as a severed executive employee who worked for COP since 2002, Churchill orally told Plaintiff that he was not entitled to benefits under the Plan since he was allegedly terminated "for cause."

36. Contrary to Churchhill's statement described in Paragraph 33, COP's grounds for terminating Plaintiff were mere pretext. Thus, Plaintiff was not terminated for cause and indeed entitled to benefits under the Plan at the time of his termination.

37. Plaintiff never received a written statement, by mail or in-person, from the first Administrator, the second Administrator, or the Plan regarding a denial of benefits.

38. Plaintiff, through his counsel, mailed a properly addressed and stamped claim letter to the first Administrator of the Plan on October 7, 2016.

39. Neither the first Administrator nor the second Administrator of the Plan responded to the claim letter dated October 7, 2016.

40. Plaintiff, through his counsel, mailed a letter to COP's counsel on October 11, 2016 informing Defendant of Plaintiff's written claim to benefits under the Plan and asked Defendants to reconsider Plaintiff's claim to the Administrator under the Plan.

41. COP's counsel informed Plaintiff's counsel that Defendants were in receipt of the letter dated October 11, 2016, and that the Administrator would respond within 90 days. However, the first Administrator of the Plan never mailed a written response to Plaintiff's claim.

## COUNT I

## DISCRIMINATION BASED ON NATIONAL ORIGIN UNDER TITLE VII

42. Plaintiff re-alleges and incorporates into count two, paragraphs 1 to 41.

43. At the time Plaintiff was terminated, COP had implemented a plan to replace American workers with employees whose national origin was of the same country where COP's respective facilities were located, and in cases such as this, to fire said employee solely based on national origin.

44. Defendant, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII, resulting in a disparate impact on Plaintiff.

45. Defendants, by and through their agents, discriminated against Plaintiff by terminating his employment in Perth, Australia because he is an American and replacing him with an Australian national.

46. Had Plaintiff not been American, he would not have been terminated nor would he have been subjected to a disparate impact, which resulted in his detainment for two months, termination, and replacement by an Australian.

## COUNT II

### DISCRIMINATION BASED ON NATIONAL ORIGIN UNDER § 1981

47. Plaintiff re-alleges and incorporates into count two, paragraphs 1 to 46.

48. At the time Plaintiff was under contract to work at COP's facility in Perth, Australia, COP had implemented a concerted effort to replace American workers with employees whose national origin was of the same country where COP's respective facilities were located.

49. Defendants, by and through their agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by § 1981 and thus, not allowing Plaintiff to renew his contract to work for Defendant COP in Australia because of his national origin.

50. COP, by and through their agents, discriminated against Plaintiff for being American by failing to sponsor Plaintiff in renewing his 457 visa, which interfered with his employment contract, resulted in his detention in Perth, Australia, and finally lead to his termination.

## COUNT III

### DENIAL OF BENEFITS UNDER ERISA SECTION 502(a)(1)(B)

51. Plaintiff re-alleges and incorporates into count three, paragraphs 1 to 50.

52. Plaintiff made a proper claim for severance benefits by inquiring about same to Caroline Churchill at COP, mailing a properly addressed and stamped letter to the first Administrator on October 7, 2016, and mailing a letter to COP on October 11, 2016 confirming that a proper claim was mailed.

53. Plaintiff is entitled to the benefits under the Plan because he was not actually terminated for cause; Defendants' ground that Plaintiff was terminated for being absent without leave is mere pretext.

54. Since Defendants have not responded to Plaintiff's claims and have not disbursed any funds pursuant to the Plan, Defendants have denied the benefit under the Plan.

## COUNT IV

## BREACH OF FIDUCARY DUTY UNDER ERISA SECTION 503

55. Plaintiff re-alleges and incorporates into count four, paragraphs 1 to 54.

56. Defendant, Frank Alexander ("first Administrator"), was acting in a fiduciary capacity as an administrator of the Defendant Plan at the time Plaintiff was terminated and denied severance benefits under the plan.

57. Defendant Dan Mecham ("second Administrator"), is acting in a fiduciary capacity at the time this Complaint is filed.

58. Along with COP, the first Administrator was also the decision-maker in the denial of Plaintiff's benefits under the Plan to which Plaintiff is entitled.

59. The second Administrator had knowledge of Plaintiff's claim to benefits under the Plan, but has not responded to the previous claim mailed on October 7, 2016.

60. The Administrators' denial, and failure to respond in writing to Plaintiff's claim, resulted in violations of regulations set forth in ERISA Section 502(c), which resulted in financial loss to Plaintiff through attorney's fees expenditure.

## COUNT V

## BREACH OF DUTY UNDER ERISA SECTION 502(c)

61. Plaintiff re-alleges and incorporates into count four, paragraphs 1 to 60.

62. The first Administrator violated his duty to furnish the Plan document and information requested by Plaintiff, as a participant, which should result in the assessment of a daily penalty up to $100 per day.

63. COP, as an employer maintaining the Plan, violated its duty to furnish the Plan document and information requested by Plaintiff, as a participant, which should result in the assessment of a daily penalty up to $100 per day.

## DAMAGES

64. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## EXEMPLARY DAMAGES

65. Defendant's actions were intentional, willful, harsh, oppressive, reckless and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress and loss of liberty.  The wrongs done by the Defendant were aggravated by their willfulness, wantonness and maliciousness for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendants from such conduct in similar situations.

## ATTORNEY'S FEES

66. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of COANE and ASSOCIATES, PLLC, in order to initiate this proceeding and pursue Plaintiff's claim of benefits under the Plan.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## ERISA PENALTIES

67. Plaintiff hereby demands that penalties be assessed against Defendants for Defendants' failure to comply with the statutes set forth pursuant to ERISA Section 502(c).

68. Plaintiff hereby demands that penalties pursuant to ERISA Section 502(c) be assessed in relation back to the thirtieth day after the first Administrator received the mailed claim to severance benefits under the Plan dated October 30, 2016.

## JURY DEMAND

69. Plaintiff hereby makes his request for a jury trial.

## INJUNCTIVE RELIEF

70. Plaintiff seeks injunctive relief requiring Defendants to take affirmative and effective steps to remove and otherwise discipline managers who have failed to comply with Title VII and who violate Federal statutory protection against discrimination.

71. Plaintiff seeks injunctive relief requiring Defendants to take specific actions designed, implemented, and confirmed by qualified non-government consultants to ensure that all supervisory employees are adequately trained to identify, investigate, and stop situations and complaints. Such specific actions include, but are not limited to:

    a. allocation of significant funding and trained staff to implement all changes within two years;

    b. discipline managers who have violated the company's policies and failed to meet their legal responsibility to promptly investigate complaints and to take effective action to stop and deter prohibited personnel practices against employees;

    c. establishing and strictly measuring EEO compliance as a critical element in every manager's performance standards;

    d. creating a process for the prompt investigation of harassment and reprisal complaints separate from the agency's process;

    e. mandatory and effective training for all employees and managers on discrimination and retaliation issues, investigations and appropriate corrective actions; and

    f. eliminating the backlog of current EEO cases alleging discrimination, harassment and reprisal.

## PRAYER

72. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

    a. Back Pay;

    b. Pre-Judgment Interest on Back Pay;

    c. Front Pay;

    d. Compensatory Damages, including but not limited to emotional distress;

    e. Punitive Damages;

    f. Injunctive and Affirmative Relief;

    g. Attorney's Fees and Costs;

    h. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show he is justly entitled.

*(Signature block followed on next page)*

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

By: */s/ct*
Connor Throckmorton
S.D. Tex. #3065092
TX Bar #24103965
Email: connor.throckmorton@coane.com
Bruce A. Coane
S.D. Tex. #7205
TX Bar # 0442360
Email: bruce.coane@gmail.com
COANE AND ASSOCIATES, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone:     (713) 850-0066
Facsimile:      (713) 850-8528
***ATTORNEYS FOR PLAINTIFF***