United States District Court
Southern District of Texas
**ENTERED**
April 11, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAMUEL GONZALES, § § Plaintiff, § VS. § CONOCOPHILLIPS COMPANY, *et al*, § § Defendants. § | CIVIL ACTION NO. 4:17-CV-2374 |

## **MEMORANDUM AND ORDER**

Came on to be considered the plaintiff's, Samuel Gonzales, claim that the defendants, ConocoPhillips Company, Frank Alexander, in his fiduciary capacity, Dan Mecham in his fiduciary capacity and the ConocoPhillips Severance Pay Plan, breached their duty under the ConocoPhillips Severance Plan by wrongfully denying him severance benefits in violation of the Employees Retirement Income Security Act of 1974 ("ERISA"). The defendants contest the plaintiff's ERISA claim and, further, seek summary judgment on the plaintiff's severed claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et. seq.* Regarding his Civil Rights claim, the plaintiff asserts that he suffered disparate treatment and disparate impact, when he was denied severance benefits.

After a careful review of the documents on file, the Administrative Record, and the receipt of testimonial evidence concerning the completeness of the administrative record the Court concludes the plaintiff's ERISA claim is unmeritorious and further, that the defendants' summary judgment should be granted.

**I.**

The plaintiff was first employed by ConocoPhillips in 2002 in the position of petroleum engineer. In 2011, he accepted a reassignment as a senior drilling engineer and was relocated to Australia. To relocate, the plaintiff applied for and received an appropriate work visa and was employed in Australia. The plaintiff worked in Australia until June 27, 2016, when he was terminated for cause.

It is undisputed that the plaintiff engaged in criminal conduct on several occasions, that the conviction for assault resulted in a period of incarceration that impacted his employment and that convictions reduced his chance of getting a "work visa" so that he could continue his presence and employment in Australia. It is also clear that the plaintiff was fully aware that his prior conviction and, particularly, his failure to report same to his employer and Australian officials could negatively impact his ability to obtain a work visa. As a result, the Australian Immigration Department refused to issue the plaintiff a work visa and his bridge visa was cancelled.

On June 27, 2016, ConocoPhillips terminated the plaintiff's employment upon his return to the United States. He contends that in October 2016, he applied for severance pay, however, he did not receive a refusal notice until August 22, 2017. As a result of this alleged misconduct by the defendants, the plaintiff seeks both ERISA relief and damages for allege Civil Rights violations. The Court is of the opinion that the plaintiff's ERISA claim fails. Equally, and based on the same fact(s), the plaintiff's Title VII claim fails.

**II.**

The plaintiff contends that the defendants failed to consider the entire record that, from the plaintiff's perspective, includes emails between various ConocoPhillips' employees and the

Plan fiduciaries. The plaintiff suggests that such conduct was conspiratorial and designed to defeat his opportunity to receive severance pay.

Fifth Circuit case law does not permit an ERISA plaintiff to go beyond the administrative record when challenging a plan administrator's factual determinations. The Fifth Circuit has recognized some issues, which a reviewing court may resolve, by considering evidence outside of the administrative record. Among those issues are whether the plan administrator has given uniform construction to a plan, *Wildrew v. ARCO Chem. Co.,* 9 F.2d 632, 637 (5th Cir. 1992), and disputes over medical terminology and practice that expert opinion may clarify, *Vega v. Nat'l Life Ins. Servs. Inc.,* 188 F.3d 287, 299 (5th Cir. 1999).

Those limited exceptions do not appear to cover inquiries into the thought processes of plan administrators. Assuming that both parties were given an opportunity to present facts to the administrator, our review of factual determinations is confined to the record available to the administrator." *Meditrust Fin. Servs. Corp. v. Sterling Chem., Inc.,* 168 F.3d 211, 215 (5th Cir. 1999). *Borelli v. Fed. Express Corp. Long Term Disability Plan*, No. 6:04-CV-539, 2005 WL 8160870, at *1 (E.D. Tex. July 22, 2005).

The administrative record in this case shows that the plaintiff's opportunity for severance pay ended on June 27, 2016, when he was terminated for cause. In order to eligibility for a severance claim, the plaintiff was required to establish that he did not have a disqualifying event. It is undisputed that at the time of layoffs, the plaintiff was not an employee, that he had been terminated for cause and, therefore, had suffered a disqualifying event.

The fiduciary of the Plan also concluded that the plaintiff failed to establish the necessary qualifying circumstances to receive severance and had at least one disqualifying circumstance.

The evidence also established that the Plan Administrator did not receive the plaintiff's claim until August 2017, more than a year after his employment terminated.

There is no evidence that the Plan Administrator acted in bad faith or otherwise did any act that prejudiced the plaintiff either in filing or establishing his claim. Therefore, the Court holds that the Plan Administrator did not abuse his discretion by denying the plaintiff's ERISA claim. *See* 29 U.S.C. § 1133; *see also N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, No. 4:09-CV-2556, 2017 U.S. Dist. 16076, at * 14-15 (S.D. Tex., Feb. 6, 2017).

The evidence also fails to support the plaintiff's claims of disparate treatment and disparate impact based on national origin. In this claim, the plaintiff asserts that his work visa was not renewed based ConocoPhillips acts that blocked his application for renewal. This claim fails on two accounts. First, the plaintiff's national origin claim is brought under 42 U.S.C. § 1981. In this regard, he claims that ConocoPhillips replaced him, an (American expatriate), with an Australian national. A national origin is not an actionable claim. *See Odubela v. Exxon Mobile Corp.,* 736 F. App. X 437, 442 (5th Cir. 2018). Simply claiming that his is an American, does not identify a cognizable group or class of persons that are "subject to intentional discrimination". *Id.*

The second basis upon which the plaintiff's national origin – disparate treatment/impact claim fails is grounded in the elements of proof. In order for the plaintiff to prevail, he must establish a *prima facie* case against the defendants. In light of the statutory basis upon which an employee may file a § 1981 suit, the sole defendant is ConocoPhillips. It is undisputed that ConocoPhillips was the plaintiff's employer. With that said, the plaintiff must prove each of the elements of his claim in order to shift the burden of production to ConocoPhillips. He has failed

to present evidence that contradicts ConocoPhillips' facts or bring himself within the protections afforded by law.

In order to establish his claim(s), the plaintiff must establish, among other elements, that he was a member of a protected class, that he was qualified for his position he sought to maintain, and that the basis stated for his termination was not factually neutral. *Kim v. Hospira, Inc.,* No. 17-50562, 2018 U.S. App. Lexis 879, *at 4 (5th Cir. January 12, 2018). The plaintiff cannot establish either of the elements. In fact, the uncontradicted evidence establishes that the status of American expatriate, is not a protected class. Moreover, the plaintiff was unqualified to maintain the position because one of the conditions for securing and maintaining employment in Australia was in possession of a work visa. The Australian Immigration authorities rejected the plaintiff's application to renew his work visa which meant the plaintiff could not work or even remain in Australia.

Finally, there is no evidence that ConocoPhillips "cost-reduction" practices, that included lay-offs to achieve or control costs across the Company, were not applied in a neutral fashion. More specifically, there is no evidence that the cost-reduction plan was applied against a class of employee who were qualified to make a discrimination claim. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In conclusion, the direct evidence rebuts all presumptions that circumstantial evidence might raise in behalf of the plaintiff. *Kim,* 2018 U.S. App. LEXUS 874, at * 4 (the evidence does not establish who the employees were who were laid off, nor that any were Americans.)

After a careful analysis of the pleadings, evidence and arguments, the Court concludes that the plaintiff's Civil Rights suit should also be dismissed. It is Ordered that the defendants'

motion for summary judgment is Granted and the plaintiff's suit is Dismissed in its entirety with prejudice.

It is so Ordered.

SIGNED on this 11th day of April, 2019.

_____
Kenneth M. Hoyt
United States District Judge