# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Samuel Gonzales, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-CV-2374 |
| ConocoPhillips Company, Frank Alexander in His Fiduciary Capacity, Dan Mecham in His Fiduciary Capacity, and ConocoPhillips Severance Pay Plan, | § § § § § § § | |
| *Defendant.* | § | |

## DECLARATION OF FAZILA ISSA

1. My name is Fazila Issa. I am over the age of eighteen (18) years of age and am legally competent to testify to the facts set forth in this Declaration. All statements contained in this Declaration are true and correct and based on my personal knowledge.

2. I have been licensed to practice law in the state of Texas since November 2004. I joined the Houston, Texas office of Norton Rose Fulbright in 2015. My law practice encompasses a wide range of litigation and arbitration matters with a focus on employment litigation. I have represented many employers who have been sued by their current or former employees in both state and federal courts as well as before arbitration tribunals.

3. I served as second chair in the lawsuit filed by Mr. Gonzales. Attached as Exhibit 1 to my Declaration are true and correct redacted copies of invoices reflecting legal services provided in this lawsuit. The invoices reflect a total amount of $620,308 (for 1063.5 hours) incurred by Defendants in attorney's fees in the course of defending this lawsuit as of April 12, 2019. Defendants request a total fee award of $496,246 (a reduction of 20%).

4. I am personally familiar with the services that I and other attorneys and other professionals and para-professionals provided in this lawsuit. To summarize, tasks performed by various attorneys and other professionals and para-professionals spanned approximately twenty months and included the following:

- Preparation of answer to Mr. Gonzales's complaint;

- Preparation of joint discovery/case management plan, including multiple email and telephone communications with Mr. Gonzales's counsel regarding unreasonable terms and conditions, including collection of documents from ten custodians;

- Reviewing and analyzing thousands of pages of documents, including email communications, collected by custodians demanded by Mr. Gonzales as well as other relevant custodians in this lawsuit to consider and identify for production;

- Reviewing and analyzing thousands of pages of documents, including email communications, to consider and identify documents, including email communications, protected by attorney-client privilege and/or work product doctrine;

- Reviewing and analyzing thousands of pages of documents, including email communications, regarding communications with immigration counsel to consider and identify documents for production and communications protected by attorney-client privilege;

- Responding to Mr. Gonzales's unreasonable written discovery requests;

- Reviewing and analyzing Mr. Gonzales's document production;

- Preparation for and taking Mr. Gonzales's deposition;

- Preparation for and defending deposition of Frank Alexander;

- Preparation for and defending deposition of Dan Mecham;

- Preparation for and defending deposition of Caroline Churchill;

- Preparation for and defending 30(b)(6) corporate representative Heather Sirdashney;

- Preparation of extensive privilege log;

- Preparation of responses to two frivolous motions to compel (denied by this Court);

- Preparation of motion for summary judgment (granted by this Court), motion to strike Mr. Gonzales's summary judgment evidence, and reply, including assistance in the preparation of witness declarations;

- Preparation for trial on jury and non-jury claims (including joint pretrial order, motion in limine, exhibit list, witness list, proposed questions for voir dire examination, proposed jury charge, proposed findings of fact, proposed conclusions of law, memorandum of law, and motion to bifurcate trial (granted by this Court));

- Preparation for trial on non-jury claims (including amended exhibit list, amended witness list, amended proposed findings of fact, amended proposed conclusions of law, amended memorandum of law, opposed motion to exclude evidence outside the administrative record (granted by this Court) and reply, business records affidavit and reply to Mr. Gonzales's objections to business records, objections to Mr. Gonzales's exhibit list, and responding to Mr. Gonzales's objections to Defendants' exhibit list);

- Attendance at bench trial;

- Multiple email and unnecessary telephone communications initiated by Mr. Gonzales's counsel regarding various issues throughout this lawsuit; and

- Preparation of this Motion for Attorneys' Fees and Costs (which, to date, have not been fully invoiced).

5. Attached as Exhibit 2 to my Declaration is a Bill of Costs and Itemization of Costs and true and correct copies of invoices reflecting costs incurred in this lawsuit. Costs were incurred by Defendants in the amount of $3,285.85 in connection with the depositions of Mr. Gonzales and representatives and employees from ConocoPhillips. Other costs were incurred by Defendants in the amount of $2,780.80. These costs are correct, were necessarily incurred in this lawsuit, and the services for which fees have been charged were actually and necessarily performed.

6. I declare under penalty of perjury that the foregoing is true and correct. Executed on April 25, 2019.

_____
Signature

Fazila Issa
Printed Name